IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABRAHAM ESTREMERA, | ) | |
| | ) | |
| Defendant-Movant, | ) | |
| | ) | |
| v. | ) | No. 09 C 6519 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On October 13, 2009, Movant Abraham Estremera filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (Dkt. No. 1.) On February 1, 2010, the court requested supplemental briefing on the question of whether Estremera's motion violated the one-year statute of limitations under 28 U.S.C. § 2255(f)(1). (Dkt. No. 10.) On June 30, 2010, the court determined that resolution of the limitations question would require an evidentiary hearing, and requested briefing on the merits on four of the six allegations raised in Estremera's motion. (Dkt. No. 18.) The court also held that Estremera's other two allegations were too vague to merit a response. (*Id.*) On November 24, 2010, Estremera filed a "Pro-Se Supplemental Motion Pursuant to F.R.C.P. Rule 15(c)," seeking to add additional allegations. (Dkt. No. 23.) After considering the briefing on the merits, and the supplemental motion, the court concludes, for the reasons stated below, that Estremera's § 2255 motion and his supplemental motion should be denied.

BACKGROUND

On November 20, 2002, the government indicted Estremera on one count of conspiracy to

1

distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) & 846 (Count I), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count XI).

Prior to trial, Estremera engaged in plea negotiations with the government. During those negotiations, Estremera's attorney advised him that "the only way [Estremera] could plead guilty was if [he] agreed to cooperate with the government by providing information and testimony against [his] co-defendants and others." (*Id.* ¶ 3.) Subsequently, the government proposed two draft plea agreements, dated April 18 and April 30, 2003. (Dkt. No. 22, Exs. C, D.) Estremera states that his attorney did not go over the April 18 agreement with him, but instead told him that "if I wanted to accept it I would have to sign the agreement and also agree to cooperate with the government against others." (*Id.* ¶ 5.) Estremera told his attorney he could not sign if the agreement required him to cooperate with the government. (*Id.* ¶ 6.) When Estremera's attorney later presented the April 30 agreement to Estremera, the attorney again stated that, under the agreement, Estremera would "be required to cooperate with the government against others." (*Id.* ¶ 7.) Again, Estremera declined to accept the plea agreement because of the cooperation requirement. (*Id.* ¶ 8.)

On June 17, 2003, a jury convicted Estremera on both counts. On November 29, 2005, Estremera was sentenced to life imprisonment on Count I, and 120 months on Count XI, to run concurrently. (Dkt. No. 19 ("Gov't Resp."), at 2.) At sentencing, the court determined that Estremera was responsible for 150 kilograms of cocaine, and that his total offense level was 40 (including a base offense level of 38 and a two-level enhancement for possession of a gun). (*Id.*) With Estremera's criminal history category of VI, he was subject to a guidelines range of 360 months to life in prison. (*Id.*)

The Seventh Circuit affirmed Estremera's conviction and sentence. *United States v. Bustamante*, 493 F.3d 879, 883 (7th Cir. 2007). Estremera moved to extend the time to file a petition for certiorari to January 24, 2008, and his motion was granted. *Abraham Estremera v. United States*, No. 07 A 407 (U.S. Nov. 14, 2007). He did not, however, file a petition. *Id.*

## LEGAL STANDARD

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Generally, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review under § 2255 in the absence of cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). A defendant may, however, raise a claim for ineffective assistance of counsel for the first time on collateral review. *Id.* at 509.

"The court should grant an evidentiary hearing on a § 2255 motion when the petitioner alleges facts that, if proven, would entitle him to relief." *Koons v. United States*, 639 F.3d 348, 354 (7th Cir. 2011); *see also* 28 U.S.C. § 2255(b). The court may, however, "deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Koons*, 639 F.3d at 354.

## ANALYSIS

Estremera's motion contends that his attorney was constitutionally ineffective for: (1) refusing to raise issues that Estremera felt "would aid in [his] defense"; (2) misrepresenting to Estremera the terms of a proposed plea agreement; (3) allowing Estremera's previous "marijuana case" to increase his criminal history category; (4) allowing an enhancement of "two points for firearm possession on the conspiracy count" in addition to "a 120 month sentence for possession of

3

a firearm by a felon"; (5) refusing to raise Estremera's objections to his Presentence Investigation Report; and (6) allowing Estremera "to be enhanced by a preponderance of the evidence" in violation of *United States v. Booker*, 624 F.3d 405 (2010). (*See* Dkt. No. 4.) Allegations 1 and 5 have since been stricken on account of vagueness. (Dkt. No. 18.)

For the reasons stated below, the court finds that, even assuming the facts he has alleged are true, Estremera is not entitled to relief under § 2255, and his motion is therefore denied without a hearing.

I. Ineffective Assistance of Counsel

To succeed on a claim for ineffective assistance of counsel the movant must show that: (1) the attorney's performance fell below an objective standard of reasonableness; and (2) this deficient performance resulted in prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). If the movant fails to establish either of the two prongs above, the court's analysis may end without considering the other prong. *Id.* at 697.

An attorney's performance will be considered deficient for purposes of an ineffective assistance of counsel analysis only if it falls "outside the wide range of professionally competent assistance." *Id.* at 690. Attorney performance is evaluated from a highly deferential point of view, and there is a "strong presumption" that attorney conduct was reasonable. *Id.* at 689. Care must be taken to avoid evaluating counsel's performance with the benefit of hindsight, and to instead consider the challenged conduct "from counsel's perspective at the time." *Id.* Attorneys are not obligated to "pursue every conceivable avenue; they are entitled to be selective." *United States v. Davenport*, 986 F.2d 1047, 1049 (7th Cir. 1993).

A defendant alleging ineffective assistance of counsel must also demonstrate that his

4

attorney's deficient performance prejudiced his defense. *Washington*, 466 U.S. at 693. To establish prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. *Id.* The right to effective assistance of counsel extends both to the plea bargaining stage of the criminal process, *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), and to sentencing, *Welch v. United States*, 604 F.3d 408, 425 (7th Cir. 2010).

A. Counsel's Advice During Plea Negotiations

"A criminal defendant has a right to effective assistance of counsel in deciding whether to accept or reject a proposed plea agreement." *Toro v. Fairman*, 940 F.2d 1065, 1067 (7th Cir. 1991). Estremera contends that his counsel failed to provide that assistance by incorrectly advising him that accepting the government's proposed plea agreement would require him to cooperate with the government by testifying against other defendants. Estremera also contends that he suffered prejudice from the attorney's error, because he would have received a lesser sentence if he had pleaded guilty.

Estremera's argument fails, however, because the draft plea agreements include provisions justifying the attorney's advice that the agreements required cooperation. Specifically, ¶ 14 of the April 18 agreement and ¶ 15 of the April 30 agreement, which are identical, provide that Estremera must agree to an order of forfeiture relinquishing his right to property he and his coconspirators obtained from the proceeds of their drug dealing. (Dkt. No. 22, Ex. C ¶ 14; Dkt. No. 22, Ex. D ¶ 15.) The paragraphs then state that Estremera "will cooperate with the United States during the ancillary stages of any forfeiture proceedings to defeat the claim of a third-party in the event a third-party files

a claim." (*Id.*) Those paragraphs plainly require Estremera's cooperation with the government against others for the limited purpose of securing the government's right to the forfeited property. Accordingly, the attorney's representation to Estremera that the agreements required his cooperation was accurate.[1]

Even assuming that the attorney's advice could have been more precise, "[t]he attorney need not be 100% correct in [his] prediction of the consequences of pleading guilty and of going to trial, as a mistake, in and of itself is not proof of deficient performance." *Julian v. Bartley*, 495 F.3d 487, 495 (7th Cir. 2007). Any deficiency in the attorney's advice in this case thus does not rise to the level of a constitutional violation, as shown by a comparison with similar ineffective assistance of counsel claims. The typical case alleging deficient advice during plea bargaining involves the attorney's advice about sentencing, a matter that strikes closer to the heart of constitutional concerns than cooperation with the government.[2] An attorney's flawed advice about a plea agreement's requirement of cooperation with the government is accordingly less likely to amount to ineffective

---

[1] The attorney's advice to Estremera before the government sent the draft plea agreements stated that to plead guilty, Estremera must "provid[e] information and testimony against [his] co-defendants and others." (Dkt. No. 22, Ex. A ¶ 3.) That language suggests greater cooperation than merely assisting the government's efforts to assert its right to forfeited property. Estremera does not allege, however, that the attorney's advice was not an accurate description of the government's bargaining position prior to the proposal of the draft plea agreements. After Estremera received the draft plea agreements, the attorney stated only that the agreements required Estremera to "cooperate with the government against others," which is an accurate description of the forfeiture provisions of the agreements. (*Id.* ¶¶ 5, 7.)

[2] *See Boykin v. Alabama*, 395 U.S. 238, 243-244 (1969) ("What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence."); Fed. R. Crim. P. 11(b)(1) (requiring that the court determine, before accepting a guilty plea, that the defendant understand the possible sentence he may be subject to, but not the required cooperation with the government).

assistance of counsel.

Additionally, even in the constitutionally sensitive area of sentencing, courts require only a "good faith effort" on the part of the attorney to avoid giving deficient advice to a defendant contemplating a plea agreement. *United States v. Barnes*, 83 F.3d 934, 940 (7th Cir. 1996). Most errors, even those amounting to a "gross mischaracterization" of the sentencing consequences, do not rise to that level. *See, e.g.*, *id.* (holding that an attorney's failure to predict that a defendant would be sentenced as a career offender was not deficient); *see also United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005) (surveying cases and concluding that the standard for showing deficient performance in this context is "stringent"). Here, Estremera does not allege that his attorney failed to make a good faith effort to interpret the plea agreements. His claim accordingly would not succeed even if it related to advice about sentencing. It certainly cannot succeed when it relates only to the less significant area of advice about cooperation with the government.

Sentencing is, of course, a complex area, and its unpredictability may justify erroneous advice that might not be appropriate elsewhere. *See Barnes*, 83 F.3d at 940 (noting that the stringent standard for advice about sentencing arises from "the acknowledgement that the sentencing consequences of guilty pleas . . . are extraordinarily difficult to predict"). Nonetheless, the plea bargaining process is similarly complex, and the court must respect the judgments of counsel about how to advise his client in the process. As the Supreme Court has cautioned:

> Plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks. . . . The art of negotiation is at least as nuanced as the art of trial advocacy and it presents questions farther removed from immediate judicial supervision. There are, moreover, special difficulties in evaluating the basis for counsel's judgment: An attorney often has insights borne of past dealings with the same prosecutor or court . . . .

Here, for example, Estremera's counsel may have had particular insight about how the prosecutor would interpret and attempt to enforce the plea agreements. Accordingly, the court will not second guess his statement to Estremera that the agreements required Estremera's cooperation with the government.

Finally, even if Estremera could show that his attorney was deficient, he cannot show that his counsel's allegedly erroneous advice was prejudicial. Estremera stated in his affidavit that he would not have agreed to any plea agreement that he knew to require him to "give information about, or testify against anyone else." (Dkt. No. 22, Ex. A ¶ 8). Accordingly, if Estremera's attorney had explained the agreements sufficiently so that Estremera understood that they required him to provide information or testimony to secure the government's claim to forfeited property, it is not likely that Estremera would have accepted the agreements. Accordingly, Estremera's claim fails on the prejudice prong as well.

B.      Marijuana Case

Next, Estremera contends that his attorney's performance was deficient because the attorney failed to challenge the classification of his conviction for cannabis possession on April 24, 1998, as a "controlled substance offense," which qualified him as a career offender. U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(a)(2). In support, Estremera points out that he was convicted under the "Cannabis Control Act," 720 ILCS 550/1, and not the "Illinois Controlled Substances Act," 720 ILCS 570/101. The title of a state act enacting a criminal provision, however, is not relevant to the identification of a controlled substance offense, which is defined as an offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance." USSG § 4B1.2. Estremera's cannabis

conviction plainly meets that definition. Accordingly, Estremera's attorney was not deficient for failing to present the argument, and Estremera's claim for ineffective assistance of counsel fails.

    C.    Enhancement for Firearm Possession and Separate Sentence on Firearm Count

Next, Estremera asserts that his counsel should have argued that the district court erred by engaging in "double counting"—that is, giving him a two-level sentencing enhancement on the conspiracy count for possessing a gun, while also sentencing him separately on his felon-in-possession count. *See* USSG § 2K2.4 cmt. n.4. The Seventh Circuit subsequently held that double counting was inappropriate for Estremera's co-defendant in identical circumstances to those Estremera faced. *See Bustamante*, 493 F.3d at 889-90. The remedy for the error, however, was to remand and require the district court to "either increase Pena's offense level by two on the conspiracy count or sentence him separately on the firearms count," but not to do both. *Id.* at 890. Had Estremera's counsel appropriately raised the issue, therefore, the court would have merely decreased Estremera's offense level by 2, giving him an offense level of 38. For a defendant with a criminal history category VI, the guidelines range for an offense level of 38 and an offense level of 40 is the same: 360 months to life. Accordingly, counsel's deficient performance did not increase Estremera's guidelines range. Estremera cannot show that he was prejudiced by his counsel's performance.

    D.    Drug Quantity Finding

Estremera next contends that his counsel's performance was deficient because he did not object to the court basing Estremera's offense level on a drug quantity found by the judge by a preponderance of the evidence, instead of by the jury. In an advisory sentencing regime, however, the judge may determine facts that increase a defendant's guidelines range. *See United States v.*

9

*Booker*, 453 U.S. 220, 233, 245 (2005); *United States v. Roti*, 484 F.3d 934, 937 (7th Cir. 2007) ("District judges remain free, as the remedial portion of *Booker* instructs, to make findings of fact that influence sentences, provided that the sentence is constrained by the maximum set by statute for each crime.").

Estremera also asserts that his counsel was deficient by failing to challenge sufficiently the court's factual finding that Estremera was responsible for over 150 kg of cocaine, which, Estremera contends, was based on "inaccurate information." He does not, however, provide any citations to the record or other evidence indicating that counsel's arguments on the point were deficient. Regardless, Estremera cannot demonstrate prejudice. Even if Estremera had been held responsible for a lesser amount of drugs, his status as a career offender insured that his offense level was at least 37 and that he received a criminal history category of VI. USSG § 4B1.1(b)(1). Under those circumstances, his guidelines range still would have been 360 months to life. Accordingly, Estremera cannot show prejudice, so his ineffective assistance of counsel claim fails.

II.     Supplemental Motion

More than a year after his initial § 2255 motion, Estremera filed a "Pro-Se Supplemental Motion Pursuant to F.R.C.P. Rule 15(c)" (Dkt. No. 23), seeking to add a claim for ineffective assistance of counsel based on his counsel's failure to object to the court's imposition of consecutive special assessments at Estremera's sentencing.

A motion under § 2255 "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15 of the Federal Rules of Civil Procedure provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct,

transaction, or occurrence set out–or attempted to be set out–in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In the habeas context, the Supreme Court has interpreted that language to allow relation back when the new claim and the original claims are "tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). That the claims arise from the same "trial, conviction, or sentence" is not sufficient. *Id.*

Here, Estremera's new claim relates to an entirely new set of facts: his attorney's performance with respect to the court's imposition of consecutive special assessments. No part of his original § 2255 motion related to those facts. His original motion did, of course, address aspects of his counsel's performance related to other portions of the sentence, but that is not sufficient under *Felix*. Accordingly, Estremera's supplemental motion does not relate back to the filing of his initial complaint, so it is barred by the one-year statute of limitations under 28 U.S.C. § 2255(f).

III.     Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, this court denies the issuance of a certificate of appealability ("COA"). To be entitled to the issuance of a COA, the movant must have made a "substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). This standard requires the movant to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. The arguments expressed in Estremera's § 2255 motion either fail to establish prejudice or fail to demonstrate that his attorney's performance was deficient. Consequently, this court finds that its resolution of Estremera's constitutional claims is not debatable among reasonable jurists.

## CONCLUSION

For the reasons set forth above Abraham Estremera's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Dkt. No. 1) and "Pro-Se Supplemental Motion Pursuant to F.R.C.P. Rule 15(c)" (Dkt. No. 23) are denied. The court further denies the issuance of a certificate of appealability on the issues raised in Estremera's § 2255 motion.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: March 2, 2012