# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6519 | **DATE** | 4/13/2012 |
| **CASE TITLE** | Abraham Estremera vs. United States of America | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of the order, Movant Abraham Estremera's "Motion to Reconsider the Denial of Petitioner's § 2255 and the Court's Sua Sponte Refusal to Issue Certificate of Appealability Pursuant to Fed. R. Civ. P. 59(e)" is denied.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

On March 2, 2012, this court denied Movant Abraham Estremera's motion under 28 U.S.C. § 2255 to vacate his sentence. (Dkt. No. 28.) The judgment was entered on March 5, 2012. (*Id.*) Thirty-two days later, on April 6, 2012, Estremera filed a "Motion to Reconsider the Denial of Petitioner's § 2255 and the Court's Sua Sponte Refusal to Issue Certificate of Appealability Pursuant to Fed. R. Civ. P. 59(e)." (Dkt. No. 29.)

Estremera's motion was untimely, because motions under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). It is well settled that "[t]he district court cannot extend the time for making a Rule 59(e) motion." *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990). That rule applies equally to pro se litigants who are incarcerated. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("[T]he district court did not abuse its discretion in finding neither her incarceration nor lack of an attorney—alone or combined—a sufficient basis" to excuse a failure to meet a filing deadline because "pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines[.]") (internal citations omitted); *see also 3SM Realty & Dev., Inc. v. F.D.I.C.*, 443 Fed. App'x 181, 183 (7th Cir. 2010) (unpublished) ("Mehta's status as a pro se litigant does not excuse his failure to meet the mandatory deadline for filing a Rule 59(e) motion.").

When a litigant files an untimely motion for relief under Rule 59(e), the court must treat the motion as one for relief under Rule 60(b). *Easley v. Kirmsee*, 382 F.3d 693, 696 n.2 (7th Cir. 2004). Rule 60(b) provides for relief if the litigant discovers new evidence, for "mistake, inadvertence, surprise, or excusable neglect," for fraud, if the judgment is void, satisfied, released, or discharged, and for "any other reason that justifies relief." Rule 60(b) is "'an extraordinary remedy and is granted only in exceptional circumstances.'" *Eskridge v. Cook Cnty.*, 577 F.3d 806, 809 (7th Cir. 2009) (citation omitted). It is "'designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law.'" *Id.* (citation omitted).

Here, the only ground that Estremera raises that conceivably is eligible for relief under Rule 60(b) is his contention that the court denied his motion because of an argument that the court raised "sua sponte" without providing Estremera an opportunity to respond. (Dkt. No. 29, at 6.) The argument related to Estremera's claim

**STATEMENT**

that his sentence should be vacated because his attorney provided ineffective assistance of counsel by advising him that the government's offer of a plea bargain required cooperation with the government, when in fact it did not. Estremera contended that had his attorney given him appropriate advice, he would have pleaded guilty, and he would have received a lesser sentence than he in fact did receive after trial.

In rejecting Estremera's argument, the court noted that the draft plea agreements the government provided to Estremera actually "include provisions justifying the attorney's advice that the agreements required cooperation." (Dkt. No. 27, at 5.) The court then cited to a provision in the draft agreements requiring Estremera to cooperate with the government in forfeiture proceedings to defeat the claim of a third-party to the property that Estremera obtained while engaged in lawbreaking. (*Id.* at 5-6.)

Estremera is correct that the government did not raise an argument based on the draft plea agreements' requirement of cooperation in forfeiture proceedings, and that he did not have an opportunity to respond to such an argument. That is why the court did not solely rely on that ground in its decision, but instead proceeded to "assum[e] that the attorney's advice could have been more precise." (*Id.* at 6.) The court then held that Estremera's claim still fails because "[t]he attorney need not be 100% correct in [his] prediction of the consequences of pleading guilty and of going to trial, as a mistake, in and of itself is not proof of deficient performance." (*Id.* (quoting *Julian v. Bartley*, 495 F.3d 487, 495 (7th Cir. 2007) (alternation in original)).) The court then compared Estremera's claim to other cases involving deficient advice at the plea bargaining stage and held that "[a]ny deficiency in the attorney's advice in this case thus does not rise to the level of a constitutional violation." (*Id.*) Estremera was on notice of the argument that his claim did not state a constitutional deficiency in his attorney's performance, and had a full opportunity to respond to it. (*See* Dkt. No. 19, at 5-6.)

Nothing else in Estremera's motion justifies relief under Rule 60(b). Estremera raises additional legal arguments to contend that he has stated a constitutional deficiency. (Dkt. No. 29, at 15-16.) The court cannot, however, correct legal errors on a Rule 60(b) motion. *Eskridge*, 577 F.3d at 809. Accordingly, Estremera's "Motion to Reconsider the Denial of Petitioner's § 2255 and the Court's Sua Sponte Refusal to Issue Certificate of Appealability Pursuant to Fed. R. Civ. P. 59(e)" is denied.

*James F. Holderman*

09C6519 Abraham Estremera vs. United States of America        -2-